IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOISES MERCADO; MARCO A. RAMIREZ, )     2:08-cv-02648-GEB-EFB
                                  )
            Plaintiffs,           )     STATUS (PRETRIAL
                                  )     SCHEDULING) ORDER
       v.                         )
                                  )
SANDOVAL, INC., a California      )
Corporation;  MARCHINI LAND CO., a )
California General Partnership;    )
BRUNO P. MARCHINI, individually and)
d/b/a Marchini Land Co.; RICHARD B.)
MARCHINI, individually and d/b/a   )
Marchini Land Co.;  VINCENT M.     )
MARCHINI, individually and d/b/a   )
Marchini Land Co.;  ROSETTA        )
MARCHINI, individually and d/b/a   )
Marchini Land Co.,                 )
                                  )
            Defendants.[1]         )
_____)

        The status (pretrial scheduling) conference scheduled for

February 2, 2009, is vacated since the parties' Joint Status Report

("JSR") indicates the following Order should issue.

        Plaintiffs state in the JSR that they intend to file a

motion for conditional certification of this action as a collective

_____

        [1]     The caption has been amended according to the Dismissal of Doe
Defendants portion of this Order.

1

action under the Fair Labor Standards Act.  This motion shall be notified for hearing on or before April 6, 2009.

DOE DEFENDANTS

The parties do not make a practicable proposal in the JSR as to when the identities of Doe Defendants will be disclosed.  It is unclear why this was not done.  Since this action was commenced in state court early in 2008, the parties appear to have had ample time to proposed a practicable and comprehensive schedule for this action. Since they did not, the Doe Defendants are dismissed.  <u>See</u> Order Setting Status (Pretrial Scheduling) Conference filed October 28, 2008, at 2 n.2 ("Failure to set forth specific information regarding the time Plaintiff(s) needs to identify any 'Doe' Defendants will be deemed an abandonment of any claims against such Defendants, and a dismissal order will follow.").

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

<u>DISCOVERY</u>

All discovery shall be completed by March 17, 2010.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

---

[2]    The parties are advised that the Magistrate Judges in the
(continued...)

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be May 17, 2010, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.

---

[2](...continued)
Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for July 26, 2010, at 1:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that non-trial worthy issues could be eliminated sua sponte "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[4] The joint pretrial statement shall specify the issues for trial and

---

[4]     The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

shall estimate the length of the trial.[5]  The Court uses the parties'
joint pretrial statement to prepare its final pretrial order and could
issue the final pretrial order without holding the scheduled final
pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th
Cir. 1999) ("There is no requirement that the court hold a pretrial
conference.").  The final pretrial order supersedes the pleadings and
controls the facts and issues which may be presented at trial.  Issues
asserted in pleadings which are not preserved for trial in the final
pretrial order cannot be raised at trial.  Hotel Emp., et al. Health
Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues
not preserved in the pretrial order are eliminated from the action.");
Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992)
(indicating that an issue omitted from the pretrial order is waived,
even if it appeared in the pleading); cf. Raney v. Dist. of Columbia,
892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order
to allow assertion of a previously-pled statute of limitations
defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D.
La. 1984) (indicating that "[a]ny factual contention, legal
contention, any claim for relief or defense in whole or in part, or
affirmative matter not set forth in [the pretrial statement] shall be
deemed . . . withdrawn, notwithstanding the contentions of any
pleadings or other papers previously filed [in the action]").

        If possible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.

---

        [5]    **The joint pretrial statement shall also state how much time
each party desires for voir dire, opening statements, and closing
arguments.**

<u>TRIAL SETTING</u>

Trial is set for October 26, 2010, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

**Dated:  February 2, 2009**

_____
GARLAND E. BURRELL, JR.
United States District Judge