IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MOISES MERCADO; and MARCO A.     )
RAMIREZ,                         )
            Plaintiffs,          )   2:08-cv-2648-GEB-EFB
                                 )
      v.                         )   ORDER*
                                 )
SANDOVAL, INC., a California     )
Corporation; MARCHINI LAND CO., a)
California General Partnership;  )
BRUNO P. MARCHINI, individually and)
d/b/a Marchini Land Co.; RICHARD B.)
MARCHINI, individually and d/b/a )
Marchini Land Co.; VINCENT M.    )
MARCHINI, individually and d/b/a )
Marchini Land Co.; and ROSETTA   )
MARCHINI, individually and d/b/a )
Marchini Land Co.,               )
                                 )
            Defendants.          )
_____)
```

Defendants Marchini Land Co., Bruno P. Marchini, Richard B. Marchini, Vincent M. Marchini, and Rosetta Marchini (collectively the "Marchini Defendants") move to strike Plaintiffs' sixth claim brought under California Labor Code § 226.7, in which Plaintiffs allege Defendants failed to provide meal periods; and Plaintiffs' twelfth claim brought under the Private Attorney General Act ("PAGA"), in

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

which Plaintiffs allege, on behalf of themselves and other aggrieved employees, that Defendants committed labor law violations. Plaintiffs oppose the motion.

The Marchini Defendants argue Plaintiffs' sixth claim should be struck because there is no private right of action under Section 226.7. However, "the California Supreme Court implicitly held in [Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094, 1102 (2007)] that a private right of action exists under § 226.7." Mendez v. Bottomley Distributing Co., Inc., 2007 WL 1342641 *2 (N.D. Cal. 2007). Therefore, this portion of Defendants' motion is denied.

The Marchini Defendants argue Plaintiffs' PAGA claim should be struck because it was not brought as a class action. Plaintiffs rejoin that PAGA permits representative actions which are not certified as a class action.

> Defendants cite Arias v. Superior Court, 153 Cal.App.4th 777,[ ], *review granted* (Oct. 10, 2007), for the proposition that the California Supreme Court granted review on the issue of whether PAGA actions must be brought as a representative action or as a class action. As both parties acknowledge, Arias is not citeable for any controlling position because it has been taken for review. No other California authority has directly addressed the issue of whether a PAGA claim must be brought as a class action. In the absence of authority from the California Supreme Court, this Court must use its best judgment to predict how that court would decide the issue.

Benitez v. Wilbur, 2009 WL 298085 *6-7 (E.D. Cal. 2009).

The Marchini Defendants argue that if Plaintiffs are allowed to proceed with their PAGA claim as a representative action, the Marchini Defendants "run the very real risk of facing multiple litigation over the very same claim." (Ds. Reply at 5:20-22.)

> Defendants' argument has merit. Absent a class action mechanism under PAGA, a defendant could win

2

>           against the named plaintiff and then face
>           additional suits by other employees similarly
>           situated. Absent a class action mechanism, a loss
>           by the plaintiff would not bind other employees
>           . . . A class action lawsuit [under] PAGA would
>           guard against such potential violations of due
>           process. A class action would bind all potential
>           class members to the adjudication of the civil
>           penalties. Indeed, absent class action
>           requirements, aggrieved employees may be
>           encouraged to file multiple suits. . .
>
>           Further, the potential of multiple litigations has
>           a direct impact upon limited judicial resources.
>           Class actions serve the important function of
>           resolving the claims of many individuals at once,
>           saving time and reducing cost. This benefits the
>           judicial system by eliminating repetitious
>           litigation and providing a method of obtaining
>           redress for claims too small to warrant litigation
>           on their own. . .
>
>           Accordingly, this Court is of the opinion that the
>           California Supreme Court will interpret PAGA as
>           requiring a class action.

Benitez, 2009 WL 298085 at *8-10 (internal quotations and citations omitted).

Therefore, Defendants' motion to strike Plaintiffs' twelfth claim is granted.

Dated: March 16, 2009

                                         _____
                                         GARLAND E. BURRELL, JR.
                                         United States District Judge