IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES MERCADO; MARCO A. RAMIREZ,<br><br>             Plaintiffs,<br><br>     v.<br><br>SANDOVAL, INC., a California Corporation; JESSIE SANDOVAL, individually and d/b/a Sandoval, Inc.; MARCHINI LAND CO., a California General Partnership; BRUNO P. MARCHINI, individually and d/b/a Marchini Land Co.; RICHARD B. MARCHINI, individually and d/b/a Marchini Land Co.; VINCENT M. MARCHINI, individually and d/b/a Marchini Land Co.; ROSETTA MARCHINI, individually and d/b/a Marchini Land Co.,<br><br>             Defendants. | 2:08-cv-02648-GEB-EFB<br><br>ORDER[*] |

On April 6, 2009, Plaintiffs filed a motion in which they request an order pre-certifying their Fair Labor Standards Act ("FLSA") claim "as a collective or representative action under 29 U.S.C. § 216," court-authorized notice to prospective plaintiffs of their opportunity to join as claimants in this claim, and an order requiring Defendants to provide Plaintiffs with the last known addresses of the potential opt-in plaintiffs. Malloy v. Fleischman &

---

[*] This matter was determined to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

Associates, Inc., No. 09 Civ. 322-CM, 2009 WL 1585979, at *2 (S.D.N.Y. Jun. 3, 2009).  Plaintiffs allege in their FLSA claim that Defendants violated the overtime provision in 29 U.S.C. § 207(a)(1), which requires overtime pay for "a workweek longer than forty hours." Defendants counter Plaintiffs' "allegations are not sufficient to maintain a [collective] action under [the] FLSA." Defs' Mot. at 3.

> Courts have held that conditional certification requires only that plaintiffs make substantial allegations that the putative class members were subject to <u>a single illegal policy, plan or decision</u>. Under this lenient standard, the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations.

<u>Adams v. Inter-Con Sec. Systems, Inc.</u>, 242 F.R.D. 530, 536 (N.D.Cal. 2007)(internal citations and quotations omitted, and emphasis added).  Plaintiffs failed to clearly identify an illegal FLSA policy in their opening brief.

Plaintiffs allege in their Complaint that "Plaintiffs, and on information and belief, other workers employed by each Defendant . . . regularly worked in excess of 8 hours per day and forty (40) hours per week."  Third Amended Complaint at ¶ 22.  This allegation could be read two ways: that Plaintiffs worked "in excess of 8 hours per day" and in excess of "forty (40) hours per week," or that Plaintiffs worked "in excess of 8 hours per day" and only "forty (40) hours per week."  Plaintiffs allege in a subsequent paragraph in their Complaint that "Plaintiffs and others were employed by each Defendant . . . and were entitled to, but did not receive overtime pay at the rate of one and one-half times their hourly rate of pay for all hours worked over 40 in the work week."  TAC at ¶ 82.  However, Plaintiffs filed three declarations with their opening brief, in which the averments do not support Plaintiffs' FLSA claim.  In each of those

2

declarations the declarant only avers that each Plaintiff worked "in excess of 8 hours per day" and that Plaintiffs' co-workers "also worked an excess of eight hours a day." Mercado Declaration at ¶ 8; Cuevas Declaration at ¶ 8; Dominguez Declaration at ¶ 8. These averments, combined with the allegations in Plaintiffs' Complaint, are insufficient to support Plaintiffs' claim that Defendants violated the overtime provision in 29 U.S.C. § 207(a)(1).

Plaintiffs indicate however, that the evidence they filed in their reply brief is sufficient to satisfy their burden of showing that Defendants violated the overtime provision in 29 U.S.C. § 207(a)(1). Plaintiffs' reply contains supplemental declarations from the same three declarants in which each declarant avers he "regularly worked an excess of forty (40) hours per week without being paid overtime for hours worked in excess of forty hours in a week [and that their] co-workers also worked an excess of forty hours in a week." Mercado Supplemental Declaration at ¶ 9; Cuevas Supplemental Declaration at ¶ 9; Dominguez Supplemental Declaration at ¶ 9. This reply appears to counter Defendants' opposition in which Defendants' argued "Plaintiffs failed to demonstrate that they were employed for over forty (40) hours a week as required to bring a FLSA action." Plaintiff's Reply at 3. However, "[i]t is improper for a moving party to introduce new facts . . . in the reply brief than those presented in the moving papers." Jones v. Baltimore Life Ins. Co., No. Civ. S-06-1501 LKK/KJM, 2007 WL 1713250, at *9 (E.D. Cal. June 12, 2007). "It cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks." Springs Industries, Inc. v. American Motorists Ins. Co., 137 F.R.D. 238, 239 (N.D. Tex. 1991). The reply brief is

not intended to be the brief that shows for the first time the movant's evidentiary support for the relief sought in the movant's opening brief.  Where a movant injects new evidentiary materials in a reply brief that should have been included in the opening brief, the movant could fail to "affor[d] the nonmovant an opportunity for further response."  Id. at 240; c.f. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026,1031 (9th Cir. 2001)(discussing in a different context the situation where a party could deny another party "of a fair opportunity to address the matter in the reply papers[,]" and indicating that when a party receives notice and an opportunity to be heard on the critical evidence, it might sometimes show the inadequacy of the evidence; and further indicating that a party should not engage in conduct tantamount to forcing "the court [to] hold[] oral argument" so that another party has an opportunity to address the new evidence).  Under such circumstances, the court has discretion to "decline to consider" the new evidence. Springs Industries Inc., 137 F.R.D. at 240. Since Plaintiffs failed to provide Defendants with a fair opportunity to address the new factual information contained in Plaintiffs' reply, that new evidence is not considered.

Therefore, Plaintiffs have not provided sufficient factual information justifying their motion, and the motion is denied.

Dated:  July 8, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge